VITTORIA PETERPAUL AND ANTONIO PETERPAUL, PLAIN-
TIFFS-APPELLANTS, v. HARRY TORP, TRADING AS
TORP'S EXPRESS AND MIDDLESEX TRANSPORATION
COMPANY, A CORPORATION OF NEW JERSEY, DE-
FENDANTS-RESPONDENTS.

Submitted May 27, 1938—Decided October 17, 1938.

For the plaintiffs-appellants, *Abe Press* (*Samuel Press,* of counsel).

For the defendant-respondent Harry Torp, trading as Torp's Express, *Herbert H. Meyer* (*Walter P. Reilly,* of counsel).

For the defendant-respondent Middlesex Transportation Company, *Kenneth Perry* (*John E. Toolan,* of counsel).

PER CURIAM.

This appeal seeks to review the propriety of the trial court's action in directing a verdict against the appellants, and in denying appellant's motion for a direction in their favor against the defendant-respondent Harry Torp, trading as Torp's Express.

Mr. Justice Perskie, speaking for this court in *Kleinman* v. *Globe and Rutgers Fire Insurance Co.,* 111 *N. J. L.* 374 (at *p.* 375), said:

"It is elementary learning that an appeal does not lie in any case until there is a final judgment. 2 *Comp. Stat., p.* 2207. *Salmons v. Rugyeri,* 103 *N. J. L.* 596; *Van Hoogen-styn* v. *Delaware, Lackawanna and Western Railroad Co.,* 90

*Id.* 189. Section 25, Practice act (1912), *Pamph. L., p.* 382. The state of case submitted should contain the judgment complained of and to be considered by the court. (Rule 19, Court of Errors and Appeals.) We could therefore with propriety stop at this point and dismiss the appeal. *Mayer* v. *Roche, 73 Atl. Rep.* 516."

The state of case submitted does not contain the judgment complained of.

The appeal is therefore dismissed.

*For dismissal*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 15.